IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TERRANCE CANNON | ) | |
| | ) | |
| v. | ) | CA. No.06-132ML |
| | ) | CR. No.01-131 |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S OBJECTION TO
"DEFENDANT'S MOTION TO VACATE SENTENCE
UNDER THE CONSTITUTION AND STATUES (sic)

## I. INTRODUCTION

The defendant, Terrance Cannon ("Cannon"), pro se, filed a "Motion To Vacate Sentence Under the Constitution and Statues (sic)." Presumably, Cannon meant "Statutes." Cannon makes no attempt to provide any jurisdictional basis upon which the Court may act. The Court has, therefore, correctly treated this matter as a petition under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a person in federal custody.

Cannon's late filed, improperly titled, and unsworn § 2255 petition principally argues that the supervised release portion of his sentence was unconstitutional. Even if that issue were before the Court on a properly and timely filed § 2255, Cannon is wrong. However, his motion must be denied on procedural grounds.

## II. **TRAVEL**

On December 12, 2001, Cannon was indicted by a federal grand jury that charged him with one count of conspiracy and two counts of distribution of crack cocaine. Cannon pled guilty to those charges on January 29, 2002. On July 18, 2002, Cannon was ordered to serve 160 months in prison concurrently on each of the three counts. Upon his release he must serve five years of supervised release. The Court imposed no fine but was required to impose $300 in special assessments.

The Court entered Judgment In A Criminal Case on July 29, 2002. Cannon did not pursue any appeal from either his conviction or sentence nor did he file a § 2255 petition within one year as permitted.

## III. **ARGUMENT**

### A. Introduction

Cannon's conviction became final on August 8, 2002. Almost four years later, Cannon, who is acting pro se, erroneously filed this motion, calling it a "Motion To Vacate Sentence Under The Constitution and Statues (sic)." Cannon cites to no statute or case law that would provide the Court with jurisdiction to consider such a motion. Cannon may have made a simple mistake or he may be intentionally attempting to circumvent the time limitations for filing a § 2255 claim. In any event, the Court has properly ordered the United States to

address this motion as if filed under § 2255.

When determining whether a motion has been properly named, the Courts should look to the subject matter of the application not the label placed on it by the applicant. Chambers v. United States, 106 F.3d 472, 475 (2nd Cir. 1997). The Third Circuit also held that substance controls over caption, United States v. Lloyd, 398 F.3d 978, 979 (7th Cir. 2005). In that case, the Court put it succinctly,

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-Of-Jail Card; the name makes no difference. It is substance that controls.

Id. at 979-80 (citations omitted).

As a § 2255 motion, Cannon's petition is procedurally deficient in two regards. First, it is unsworn. Section 2255 petitions must be filed under oath. United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995); reversed on other grounds United States v. LaBonte, 520 US 751 (1997). Secondly, Cannon's motion is filed out of time. He is procedurally defaulted and his claim even, if it had merit, should be dismissed on this basis alone. Cannon's claim is without merit and can be denied on procedural or substantive grounds.

B. Cannon is Defaulted on His Claims

Congress imposed a one year period of limitations for filing § 2255 motions by passage of the Anti-Terrorism And Effective Death Penalty Act. With certain exceptions, none of which are applicable here, that statute provides that the one year period typically begins to run "from the date on which the judgment becomes final." See 28 USC § 2255(1). Cannon's conviction became final ten days after the entry of judgment. Judgment entered on July 29, 2002. Cannon did not file an appeal. His conviction therefore became final on August 8, 2002. Cannon had until August 8, 2003 to file a § 2255 petition, he failed to do so and is a statutorily defaulted.

Furthermore, a petitioner who does not raise a claim on direct appeal will also find the claim to be procedurally barred. A collateral attack may not do service for an appeal. United States v. Frady, 456 US 152, 165 (1982). A defendant cannot raise issues in a federal habeas proceeding which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Knight v. United States, 37 F.3d 769, 744 (1st Cir. 1994). To meet the cause and prejudice standard, the petitioner must show that some objective factor external to the defense impeded his effort to raise the claim earlier, Coleman v. Thompson, 501 US 722, 753 (1991), and that the alleged error worked to his disadvantage to the extent that the entire trial was in error. Frady, 456 US at 170. If

the petitioner cannot show cause or prejudice the defaulted claim can only be heard if innocence can be proved through new evidence. Bousley v. United States, 523 US 614, 620-23 (1998).

In this case, Cannon is only contesting a portion of his sentence. He is not claiming actual innocence. Cannon is defaulted for three reasons. First, he has not filed his petition under oath. Second, he failed to raise this issue on direct appeal and has not established cause for his failure nor resulting prejudice. Third, the Court was divested of jurisdiction when he failed to file a § 2255 within the statutorily prescribed period of limitations.

C. Supervised Release Is Not Unconstitutional

Cannon was sentenced to five years of supervised release. In his pleading, Cannon makes broad and vague claims that somehow the imposition of supervised release is unconstitutional. Although the argument is difficult to understand and characterize, it is clear that supervised release

is required by statute. 18 USC § 3583. The United States is not aware of any reported decision declaring that statute to be unconstitutional.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Gerard B. Sullivan

GERARD B. SULLIVAN
Assistant U.S. Attorney
R.I. Bar No. 3134

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May 2006, I served a copy of the within Government's Objection to Defendant's Motion To Vacate Sentence Under the Constitution and Statues (sic),by mailing same, postage prepaid, to:

Terrance A. Cannon
05098-070
FMC Rochester
Federal Medical Center
P.O. Box 4000
Rochester, MN 55903

Paulette E. Gamache