**U.S. DISTRICT COURT**
Providence, Rhode Island

06-132

| | |
|---|---|
| Terrance Cannon | |
| Vs. | 1:06CR00131-001<br>Case No: [redacted] |
| United States of America | Motion: §2241 |

**Habeus Corpus Motion**
**To Correct And Vacate Sentence**

Here comes defendant asking the Court to hear his arguments pertaining to his case. I'm not denying my charges but I want the Courts to be just in my sentencing scheme.

My first order is the enhancements that I received when I was sentenced.

Even where a defendant receives actual notice that the Government intends to rely on a previous conviction to enhance his sentence. The District Court lacks the jurisdiction to impose an enhanced sentence until the Government files an information as required under enhanced sentencing statue. Comprehensive Drug Abuse Prevention and Control Act of 1970 §411(a)(1), 21 U.S.C.A. §851(a)(1).

Federal Courts derived their power solely from Article III of the Constitution and Legislative Acts of Congress: Title 21 United States Code § 851.

(a)(1) no person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of

one or more prior convictions, unless before trial or before entry of a plea of guilty. The U.S. Attorney files an information on with the Court and serves a copy of such information on the person or Counsel for the person; stating in writing the previous convictions to be relied upon. The Courts should've postponed taking the plea or trial until that information was given. (b) if raised after the plea the sentence can be attacked because it was improperly proceeded on.

The Government has to strictly comply with 21 U.S.C. §851 to enhance a sentence as observed in U.S. Vs. Olson §851, the District Court has no power to act with respect to an enhanced sentence. It can no more enhanced a sentence or it could impose imprisonment under a Statue that only prescribes a fine. Harmless error can't give the District Court authority that it doesn't possess. Case Law that supports enhancements U.S. Vs. Cevallos 538 F 2d 1122, 1125 n. 4 (5th Circuit 1976); U.S. Vs. Noland 495 F 2d 529, 533 (5th Circuit 1974): holding that the mandatory language of §851 restricts the Courts authority to impose enhanced sentences to cases where the information is filed with the Court and served on the defendant before trial.

Riner Vs. Owens 764 F 2d 1253, 1256-57 (7th Circuit 1985) Sixth Admendment Right to be Confronted with one's Accusers Cert. denied, 475 U.S. 1055, 1065. Ct. 1282, 89 L. Ed 2d 589 (1986); U.S. Vs. Bascaro; 742 F 2d 1335, 1365 (11th Circuit 1984) Fifth Admendment Protection from Double Jeopardy, Cert. denied Sub-Num Hobson Vs. U.S. 472 U.S. 1017, 1055 Ct. 3476 87 L. Ed 2d 613 (1985).

Love Vs. Turlington, 733 F 2d 1562, 1564 (11th Circuit 1984) It is an established principle or Law that subject matter jurisdic-

tion cannot be created or waived by agreement of the parties.

The latest ruling by the Supreme Court stated that any evidence that was not at sentencing causes the remaining of my case for sentencing. This ruling was handed down on February 28, 2006. I'm asking the Courts in light of the issues I have, to correct my sentence so that I may be sentenced justly and in all fairness.

I respectfully ask that my sentence is awarded the Laws of the Constitution of our land.

Respectfully;X Terrance Cannon

On this day, 18 of April, 2006

Terrance Cannon
REG.# 05098-070
Federal medical Center
PMB 4000
Rochester, MN. 55903-4000

## CERTIFICATE OF SERVICE

I, Terrance Cannon declare under the penalties for perjury that I placed a true copy of this motion in the institutional mailbox, addressed to: U.S. District Court One Exchange Terrace Providence Rhode Island, on this 17th day of April 2005.

Terrance Cannon